# IN THE SUPERIOR COURT OF GUAM·

FILED
SUPERIOR COURT

2009 MAR 30 PM 4: 26

CLERK OF COURT

BY:

THE PEOPLE OF GUAM )  CRIMINAL CASE CF #384-06
)
vs. )  DECISION
)
KEVIN JOHN ROBERTS )  (Motion for Judgment of Acquittal)
)
)

This came on regularly on regularly for hearing on March 16, 2009, before the Honorable ELIZABETH BARRETT-ANDERSON on Defendant's Motion for Judgment of Acquittal. Defendant was represented by Attorney Howard Trapp. The People were represented by Assistant Attorney General Sally A. Tobin. Based on the arguments presented, the Court herewith DENIES the Defendant's Motion.

A motion for judgment of acquittal requires, in order to be granted, that the Court find "insufficient evidence to sustain a conviction of the offense charged." Section 100.10, 8 G.C.A. The standard of review is whether any rational trier of fact could, after examining all of the evidence in a light most favorable to the government, find the essential elements of the crime charged beyond a reasonable doubt. *People* v. *Campbell* 2006 Guam 14.

The Defendant is charged with engaging in sexual contact with a minor. The People further allege specific facts that the Defendant touched the "vagina" of the minor. Defendant contends that the People failed to present "a scintilla" of evidence that the victim's "vagina" was touched by the Defendant. Sexual contact involves the intentional touching of the victim's intimate parts. An intimate part includes the primary genital area of a person, in this case the female genitalia region which includes the "vagina."

The minor victim testified that she was touched on her "bottom" inside her shorts and underwear. In response to the People's question of the meaning of "bottom" she was asked whether that also meant "vagina." She responded "Yes." She also stated on cross-examination that

Page 1 of 3

she was touched in the outer area, and that no penetration happened.

The People have consistently used the term "vagina." This is not a term used by the victim. It is not a term that a 14 year old child would normal use or understand. The Court accepted a jury instruction defining the word "vagina" to mean "the canal between the vulva and the uterus." A 14 year old girl would not make such a distinction between her genital parts. To her any part of her "private" or "bottom" area can generally be referred to as the "vagina."

The Guam Supreme Court in *Campbell* held that the proof of "time" as alleged in the indictment and the time actually proved at trial is not an essential element of the crime of Second Degree Criminal Sexual Conduct. The Guam Supreme Court reasoned the difference between the time alleged in the indictment and the time actually proved at trial is a variance of proof. It was not a complete failure of proof.

The inquiry is whether the variance affects the "substantial rights" of the defendant so that defendant is "1) definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial, and 2) that he may b e protected against another prosecution for the same offense." *Campbell* quoting *Berger v. United States* 295 *U*. S. *78.* As long as the defendant is neither surprised nor hampered in preparing his defense, there can be a variance between the indictment and what is actually proved at trial provided it does not relate to an essential element of the crime.

The variance in this case is where was the victim touched. The People offered the testimony of the victim that she was touched in the region of her female genitalia. The variance cannot be said to have prejudiced the Defendant. There was no surprise at trial. There was no prejudice to the Defendant's ability to prepare an adequate defense. And so he did. His counsel strongly argued to the jury that there was no evidence the victim's actual "vagina" was touched. The jury, using their common sense, experience, and sound judgment found that the touching of the victim's "private" or "bottom" constituted touching of the "vagina" despite the variance in definition of the location of the actual female vagina. As stated by the People, even Defendant's

own jury instruction on the definition of the term "vagina" included "the entrance to the vagina." There are various female genitalia leading to the vaginal canal. It is not unreasonable for a child to think of this entire area as the "vagina", nor is it unreasonable for the jury to do so. The compact nature of a woman's genital parts, the nearness of those parts to each other, and the anatomical connection of those parts as representing the whole of the female genitalia can be construed by a reasonable person to mean the "vagina" without distinction. The vagina is not an element of the crime, and therefore, can not be used to throw away this conviction.

Defendant's motion is **DENIED.**

**SENTENCING is presently scheduled for April 6, 2009 at 10:00 a.m.**

SO ORDERED this 30th day of March 2009.

**HON. ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAR 3 0 2009

Carl P. Perez
Deputy Clerk, Superior Court of Guam